IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                         OPINION AND ORDER

              Plaintiff,

                                                                           14-cv-70-bbc
                                                                           07-cr-108-bbc

      v.

RANDY R. JEFFERSON,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Randy Jefferson has filed a motion for post conviction relief under 28 U.S.C. § 2255 and request for a certificate of appealability in which he alleges that he was denied the effective assistance of counsel. Unfortunately for defendant, he has filed his motion too late, which means that this court has no authority to hear it.

      Section 2255 has a one-year period of limitations that begins running from the latest of the following dates: (1) the date on which the defendant's conviction becomes final; (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing his motion; (3) the date on which the right asserted was

1

recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence. § 2255

Defendant was sentenced on January 24, 2008 by Judge John C. Shabaz. He took an appeal which was denied by the Court of Appeals for the Seventh Circuit on January 14, 2009. Defendant did not petition for a writ of certiorari.

Under § 2255, defendant had one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. The conviction would have become final 90 days after January 14, 2009, or April 14, 2009. Clay v. United States, 537 U.S. 529-30 (2003) (one-year statute of limitations does not begin to run until 90 days after time for filing petition for writ of certiorari has expired, even if defendant does not file petition). Therefore, defendant had until April 14, 2010, in which to file a § 2255 motion unless he came within one of the special circumstances in which the time for filing is extended. Defendant has not alleged any facts from which I could find that any one of those special circumstances apply in his case. Therefore, I conclude that defendant's motion is untimely because it was not filed until January 29, 2014.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant.

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

## ORDER

IT IS ORDERED that defendant Randy Jefferson's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED as untimely. Defendant is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

Entered this 4th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge