IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
THE UNITED STATES OF AMERICA

| | | |
|---|---|---|
| The United States of America,<br>Plaintiff<br>(Respondent)<br><br>vs<br><br>Randy R. Jefferson,<br>Defendant<br>(Petitioner) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 07-CR-0108-S-01<br><br>[ON APPEAL FOR CERTIFICATE OF APPEALABILITY] |

<u>FORMAL MOTION IN REQUEST TOWARD GRANT OF CERTIFICATE OF APPEALABILITY</u>
<u>WITH CONSIDERATION FOR PERMISSION TO MOVE TOWARD SENTENCE RELIEF IN HABEAS</u>
<u>ALL IN ACCORDANCE WITH AND PURSUANT TO REMEDIES PRESCRIBED UNDER TITLE 28 USC §2255</u>

NOW COMES, PETITIONER, RANDY R. JEFFERSON, ("Defendant"), as represented in
propria personam, sui juris, and acting on his own behalf and as his own legal
counsel, hereby moves this Honorable Court for consideration toward GRANT OF
CERTIFICATE OF APPEALABILITY, in seeking certain remedies prescribed by and through
Title 28 U.S.C. Section §2255 for sentence vacate, correction, or to be set aside,
and as a condition set forth in habeas corpus, to which, there now exists New and
Relevant Constitutional Law under the authoritiy of the United States Supreme Court
as Certiorari, and all in support of greater oversight for Constitutional Rights
and Due Process of Law, including, precedural reform of U.S.S.G. §4B1.1 qualifiers,
revised determinents in seeking Career Offender status, and a restructure of certain
guideline enhancements, where upon, such enhancements in sentencing may only apply
support for the "evidence" and disqualify any enhancement application based solely
on the "elements."  That such failure to address sentencing objections, including
objections on behalf of Counsel for the defense against unsubstantiated guidelines,
shall stand as a violation of Defendant's Consititutional Rights including his Fourth,
Fifth, Sixth, and Fourteenth Amendment Rights, all as a condition resulting from
ineffective assistance of counsel.  That such failings and misrepresentations toward
execution of the Plea Agreement shall meet the "two-prong" conditionals set forth
under <u>Strickland vs Washington</u>, and further, that lost opportunity resulted upon
Defendant being disuaded from a Jury Trial option, shall further meet the analysis
set forth under <u>Missouri vs Frye</u>.  Additional misgivings existed in counsel's neglect
for challenge to an "elements-based" sentence, as determined under <u>Alleyne vs U.S.</u>
An accompanying memorandum of law in support of this Motion shall be included as
contemporaneously herewith.  Petitioner provides the following Findings of Fact for
this Honorable Courts review and adjudication thereof;

JURISDICTIONAL SIGNIFICANCE


IT SHALL STAND UNDER VENUE THAT;


     I, Randy R. Jefferson hereby affirm:

              This Honorable Court maintains sufficient coram judice, including personal and subject matter jurisdiction all as defined and subsequent to Title 18 U.S.C. Section § 3731 et. seq., and further, that said jurisdictional significance establishes that legal venue is true and correct thus divesting all other courts of their control over related aspects of the matter at hand, as prescribed and set forth under Title 28 U.S.C. Section § 1291, that such standing shall fall within the purview and authority of this court all as judicial and judiciary therein.

STATEMENT OF CASE

**LET THIS HONORABLE COURT TAKE NOTICE THAT;**

On or about May 11, 2007, Defendant, Randy R. Jefferson, was allegedly engaged in knowingly and intentionally conspiring, and agreed with others to distribute and possess with intent to distribute a certain Cocaine Base substance, ("Crack"), named herein as a Schedule II controlled substance, for which, it was alleged that a quantity equal to Fifty (50) grams or more of said substance shall stand as a violation of Title 21 U.S.C. Section 841(a)(1) under warrant.

On June 27, 2007, a Grand Jury within the Western District of Wisconsin returned a two-count indictment. Subsequently, on July 10, 2007, Defendant was arrested in the Southern District of Illinois, appeared before Judge Philip M. Frazier and was remanded. On November 20, 2007, Defendant entered into a Plea Agreement at the behest of his Counsel despite certain objections to proposal.

Prior to the Plea Agreement, Defendant was informed that, on November 15, 2007, he would likely receive a sentence under Title 21 U.S.C. §851 which would place him into a mandatory minimum category of "Twenty" years. At such time, Counsel for the Defendent advised that such minimum would be a reasonable and probable outcome, and that the option of a jury trial did not exist for Defendant.

Defendant was advised by counsel that he would likely not face any additional sentencing factors, nor did Defendant become apprised of 4B1.1 or 3E1.1 factors. Although the remaining Count II was dismissed, a Plea was reluctantly accepted.

On January 24, 2008, a judgement and commitment was entered into for a total sentence beginning at a level 37 with a three-point reduction for acceptance, to a revised total of 34 points based upon a 1.1 kilogram total weight quantifier, scheduling Defendant at a 262-327 month category rather than the anticipated and suggested schedule of 168-210 months as advised by Counsel for the defense prior to Plea acceptance. A final sentencing memorandum was entered at 294 months which fell above the "recommended" sentence of the prosecution, thus, establishing that the sentencing fell above reasonable guideline ranges based upon the "elements" rather than the "evidence."

## FINDINGS OF FACT

LET ALL MEN KNOW BY THESE PRESENTS THAT;

I, Randy R. Jefferson, Petitioner, (Defendant), as represented in propria personam, sui juris, and acting on my own behalf and as my own legal counsel, hereby attest, affirm, and aver that the following Findings of Fact shall stand as true and correct, and shall be placed before this Honorable Court with umberrima fidae, all in good faith and with proper and appropriate intention toward consideration for sentence relief;

WHEREAS;

1.   Petitioner avers that he is a flesh and blood, adult male, currently remanded under the bondage of incarceration within United States Penitentiary Marion in Marion, Illinois where he shall remain throughout the term of his judgement and commitment until such time that relief has been granted.

2.   Petitioner avers that this Honorable Court maintains sufficient coram judice, including personal and subject matter juridiction as defined herein, and subsequent to Title 18 U.S.C. Section § 3731, with venue further prescribed as true and correct in the establishment of appropriate jurisdiction and jurisdictional significance by divesting all other courts of their control herein.

3.   Petitioner avers that he has successfully placed Process of Service upon the named addressee listed within, and that Certificate of Service shall provide substantiation that such service was forwarded through the United States Postal Service via First Class Mail, all as timely and verified under official documentation of the Prison Depository System thereof.

4.   Petitioner avers under penalty of perjury that the proceeding and inclusive filing shall meet all of the conditionals set forth and prescribed as pursuant to Title 28 U.S.C. Section § 1746 under the terms of unsworn declaration to which such signature shall stand as Affiant's decree in witness knowing the laws and penalties of bearing false statements before my creator and before my fellow man, all in accordance with declaration as §§ 1731 - 1960.

5.  Petitioner avers that he as performed throughout his term of incarceration, at all times, as a "model inmate" with no major infractions or violations, all establishing a sound and formidable rehabilitative record.

6.  Petitioner avers that, throughout his tenure under the bondage of incarceration, he has enrolled and participated in a myriad of educational and skills-building programs all in support of employment preparedness.

7.  Petitioner avers that, throughout his term of incarceration, he has maintained full and gainful employment within the institution, and further, he has received consistent promotions and commendations from his superiors naming him as a valued and dedicated employee, and having made significant contributions toward the enhancement of his position and his respective department.

8.  Petitioner avers that throughout his term of incarceration, he has devoted a significant number of hours to that of teaching and mentoring other at-risk and at-need inmates entering the system.  As a mentor and fellow-instructor, Petitioner has assisted other inmates in achieving their goals and in setting realistic priorities that will lead them to a more expedient rehabilitation.

9.  Petitioner avers that he has explored and studied an extensive number of books and materials on subjects pertaining to improved judgement and revised thinking and decision making away from addictive behavior or the criminal mindset.

10.  Petitioner avers that he has received assurances from key administrators including psychology and religious services that he has fully recovered from any criminal disposition or criminal behavior, and that he has displayed evidence that much of his energy is now directed at positive and productive activities and goals focused on an improved quality of life.

11.  Petitioner avers that upon his imminent release from prison, he has the assurance of a supportive and dedicated family, including a strong and accepting community, all whom agree to provide encouragement, resources, and opportunities.

12.   Petitioner avers that, upon his imminent release from prison, he has the assurance of full-time, gainful, permanent employment within his community, and with the promise of a competitive wage and the opportunity for growth and development commensurate with varifiable contributions.

13.   Petitioner avers that upon his release from prison, he has identified several community-oriented activities and foundations in which he intends to participate on a voluntary and charitable basis, including that of reaching out to those at-need or at-risk within his own community.

14.   Petitioner avers that he is successfully compiling all necessary documentation or respective applications in preparation for transition and re-entry back to mainstream society, including preparation for valid driver's license, sound credit, personal finances, transportation, and housing.

15.   Petitioner avers that he will participate in a multitude of on-going support and recovery groups, all in an effort to reenforce and strengthen his conviction toward living a positive and productive quality of life.

16.   Petitioner avers that, upon his release, he will immediately be subject to the direct supervision and monitoring of his assigned probation officer, and that under such review and scrutiny, Petitioner will participate in reporting and screening exercises designed to assure his successful transition.

## SUBSTANTIATION AND PERTINENCE

IN REQUIREMENT FOR HEARING UNDER 28 USC § 2255:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court, which imposed the sentence to vacate, set aside, or correct the sentence therein.

Unless the motion, and the files, and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of the law with respect thereto.

If the court finds that the judgement was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to attack, or that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment volnerable to a collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate thereof.

INEFFECTIVE ASSISTANCE OF COUNSEL


IT SHALL STAND THAT;


COUNSEL FOR THE DEFENSE.......

.......Failed to investigate the facts surrounding "conspiracy"
Failed to challenge "intent to distribute" qualifiers
Failed to provide a reasonable defense strategy
Failed to move to quash certain evidence as unsubstantiated
Failed to move to suppress unfounded quantities
Failed to exercise the "Confrontation Clause" on witnesses
Failed to communicate the Plea vs Trial option
Failed to impeach the witnesses and confidential informants
Failed to address any possibility of 4B1.1 or 3E1.1 factors
Failed to object to certain conditions set forth in Plea
Failed to challenge a sentence based upon the "elements"
Failed to effectively communicate or correspond with Defendant
Failed to advise on possible or potential sentencing outcomes
Failed to prepare Defendant for the possibility of §851 status
Failed to consider or address any such "career offender" status
Failed to challenge to validity of past predicate offenses
Failed to introduce certain relevant Circuit case law
Failed to challenge and object to Pre-Sentence Report issues
Failed to introduce various "inalienable rights" violations
Failed to preserve certain objections for future appeal
Failed to challenge the jurisdictional significance of case
Failed to meet any such professional standards and practices

## STANDARD OF REVIEW

### MAY IT BE GRANTED CONSIDERATION BY THIS HONORABLE COURT THAT;

The Sixth Amendment Shall guarantee the right to effective assistance in every stage of the proceeding in a criminal matter and debatably and assuradly establish that upon the defendant's substandard representation by counsel that such sentence be vacated, set aside, or corrected as prescribed;

"...The adversary system requires defense counsel's presence and gealous professional advocacy just as it requires the presence and gealous advocacy of the prosecutor and the constant nuetrality of the judge...and that counsel for the defense shall not be viewed as impeding the administration of justice simply because he or she challenges the prosecution, but as as indispensible part of its fulfillment."

"...included in defense counsel's obligations to the client is the responsibility of furthering the defendant's interest to the fullest extent that the law and the standards of professional conduct permit."

"...that advocacy is not for the timid, the meek, or the retiring. That our system of justice is inherintly contentious, albeit, bounded by the rules of professional ethics and decorum, and it demands that the lawyer be inclined toward vigorous advocacy nor can a lawyer be half-hearted in the application of his or her energies to a case.  If a case has been undertaken, a lawyer is obliged not to omit any essential honorable step in the defense, without regard to compensation or the nature of the appointment..."

-----American Bar Association Standards for Criminal Justice, Defense

FOUNDATIONAL ARGUMENTS

LET THE FOLLOWING ARGUMENTS BE GIVEN EVERY CONSIDERATION:

Randy R. Jefferson, Petitioner, ("Defendant"),
hereby affirm and attest that I wish to approach this Honorable Court with
umberrim fidae, all in good faith and with proper and appropriate intention, to
present, for review and for adjudication toward sentence relief, the following
arguments in establishing grounds to show a violation of this Defendant's
Constitutional Rights to effective assistance and representation of counsel, and
to failings of Due Process of the Law, and a material miscarriage of justice,
all as more formally argued herein;

I.    COUNSEL FOR THE DEFENSE PROVED DEFICIENT IN
      HIS PERFORMANCE THROUGHOUT THE PROCEEDINGS,
      ALL AS CONSTITUTIONALLY AND PROCEDURALLY
      INADEQUATE THUS RESULTING IN DEFENDANT
      HAVING SUFFERED VIOLATIONS OF HIS FOURTH,
      FIFTH, SIXTH, AND FOURTEENTH AMENDMENT
      RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL,
      MORE CLEARLY ANALYZED UNDER STRICKLAND VS WASHINGTON.

II.   COUNSEL FOR THE DEFENSE PROVED DEFICIENT IN HIS
      PERFORMANCE AS AN EFFECTIVE REPRESENTATIVE, TO
      WHICH, COUNSEL FAILED TO NEGOTIATE OR PRESENT
      A REASONABLE PLEA OPTION, AND FURTHER, PRESENTED
      AND ADVISED THROUGH UNREALISTIC SENTENCING OUTCOME
      EXPECTATIONS, IN VIOLATION OF DEFENDANT'S RIGHTS
      UNDER RULE 11, AS ANALYZED UNDER MISSOURI VS FRYE.

III.  COUNSEL FOR THE DEFENSE PROVED DEFICIENT IN HIS
      PERFORMANCE UPON LEVERAGING A STRATEGIC AND
      COMPREHENSIVE CHALLENGE TO THE SENTENCING OUTCOME,
      TO WHICH, A DETERMINED GUIDELINE RANGE WAS BASED
      ON THE 'ELEMENTS' OF THE CRIME WITHOUT CONSIDERATION
      FOR THE WEIGHT OF THE 'EVIDENCE' ALONE, THUS VIOLATING
      DEFENDANT'S RIGHT TO DUE PROCESS OF LAW, ALL AS MORE
      CLEARLY ANALYZED IN CERTIORARI UNDER ALLEYNE VS UNITED STATES.

IV.   COUNSEL FOR THE DEFENSE PROVED DEFICIENT IN HIS PERFORMANCE
      TO EXERCISE REMEDIES AVAILABLE UNDER THE 'CONFRONTATION CLAUSE'
      THROUGH CROSS-EXAMINATION OPPORTUNITIES AND WITNESS INVITATIONS,
      ALL AS FOREGONE RESULTING ERRONEOUS AND IMPEACHABLE TESTIMONY
      STANDING WITHOUT CREDENCE, AS ANALYZED UNDER BULLCOMING VS NEW MEXICO.

V.    COUNSEL FOR THE DEFENSE PROVED DEFICIENT IN FAILING TO CHALLENGE
      THE VALIDITY AND NON-APPLICABILITY OF PREDICATE OFFENSES, ALL
      AS MORE CLEARLY DEFINED AND ANALYZED UNDER BEGAY VS UNITED STATES.

RULE OF CONSTITUTIONAL LAW

Strickland vs Washington, 466, U.S. 668 through 688 et. seq.,

Precedings by and through the authority of the United States
Supreme Court in Certiorari shall hereby affect certain aspects
of law, or more aptly, "Constitutional Law," to which, new and
revised applications shall hereby apply to conditions surrounding
Defendant's rights, including, Fifth, Sixth, and Fourteenth
Amendment Rights involving the application of standards and
practices of effective assistance of counsel where the court
shall consider a "two-prong" conditional to determine if there
may exist a breach of due process of law or a material miscarriage
of justice in terms of counsel's performance in that; 1.) That
counsel for the defense must meet all of the professional standards
and practices of a reasonable and competent jurist in terms of
representation, research, communications, technical strategy, and
proper protocol, AND THAT, 2.) Such lack of effectiveness or breach
of standards may result in "prejudicing" the jury or the outcome of
the sentence where, if not for the performance of counsel, the outcome
would have been different, all in accordance with Strickland vs Washington.

I.  COUNSEL FOR THE DEFENSE PROVED DEFICIENT IN
HIS PERFORMANCE THROUGHOUT THE PROCEEDINGS,
ALL AS CONSTITUTIONALLY AND PROCEDURALLY
INADEQUATE RESULTING IN VIOLATION OF THE
DEFENDANT'S FIFTH, SIXTH, AND FOURTEENTH
AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE
OF COUNSEL AND RIGHT OF DUE PROCESS OF
LAW AND JUSTICE AS FURTHER STATED HEREIN.

WHEREAS; Defendant avers and attests that Counsel for his defense
failed to provide proper and effective representation foremost in assuring
Defendant's Fifth, Sixth, and Fourteenth Amendment Rights, to which such
breach of professional standards and practices resulted in a prejudice of
the proceedings and an outcome in terms of guideline range and sentencing
exceedingly different from the alternative thus, meeting the "two-prong"
standard as set forth under the precedence of Strickland vs Washington 466,
U.S. 668, 687-688, et. seq., for the following reasons;

Counsel for the Defendant failed to effectively communicate the
specifics of the defense strategy, and failed to invest reasonable time
and effort into the foundational research behind exculpatory and relevant
evidence associated therein.  Counsel futher neglected his duties in failing
to attempt evidentiary suppression, pre-sentence motions, and relevant objections
to statements and conditions proven unfounded within the Pre-Sentence Investigative
Report.  In accordance with the Strickland prongs, as further enumerated herein,
Counsel's breach of standards resulted in a material miscarriage of justice.

Counsel failed to initiate any formal collateral attack of enhancement
directives brought forward through the prosecution thus resulting in a guideline
range that was excessive and unwarranted.  Testimony before the bench proved
to be tainted and unreliable, yet no such objections were levied against various
statements attacking Defendant's history and relevant conduct.

Counsel failed to aggressively counter certain Plea options, and
permitted the introduction of guideline ranges that did not match that of
the specifics set forth under the initial indictment and supporting evidence.

Overall, Counsel for the defense proved deficient in his professional
performance to a degree that fell below the standard or "reasonable" representation.
As a result of counsel's failings at reasonable plea negotiations, and with
consideration for his inability to assist Defendant through the plea process,
a conditional precedence under Missouri vs Frye, 131 S.Ct., 856 in Certiorari
shall further qualify Defendant for relief under constitutional violations.

Counsel for the Defendant was further negligent in failing to address certain 2D1.1(c)(3) factors upon permitting the prosecution to move toward a base level of 37 and a quantity calculation of 1.5 kilograms of Cocaine where there existed no foundational evidence in support of such weight. That counsel failed to challenge an enhancement increase of two-levels based upon 3B1.1(c) leadership and conspiratory application shall further stand as a violation of Defendant's Sixth Amendment rights where such categorical qualification was levied without support. That counsel failed to impeach, or attempt to impeach the credibility of a "tainted" and "motivated" witness, (Jack Mansfield), to which, no such substantiation existed in support of said customers, distribution channels, transactionary structure, or verification such as video or audio transmission, transactionary exchange, or other proof. See Strickland vs Washington, 466 U.S. at 688, also see, Crisp vs Duckworth, 743.

At no time had Counsel for the defense moved to challenge or introduce any language that suggested the possibility of a Title 21 U.S.C. §851 enhancement. That counsel had an obligation to evaluate Discovery in terms of "conspiratory" application, specifically where virtually no evidence existed between Defendant and Mansfield or others. Since law enforcement failed to establish surveillance on Defendant or Mansfield until May 10, 2007, at which time, the prosecution moved to "drop" Count II as unfounded and unsupported, there remained no viable or conclusive evidence in support of such conspiratory or transactionary activity.

Counsel for the defense had a certain duty to address and challenge all 1B1.3 and 1B1.3(a)(2) factors, and specifically, to attack any formal grouping of said counts under 3D1.2(d), as well as 3D1.2(1)(A) allegations where there existed no formal or substantiating evidence in support of activity described as, "aiding, abetting, counseling, commanding, inducing, procuring, or willfully causing another to act, and further, counsel failed to levy an attack against all (1)(B) factors," to which, there existed no support for "reasonable or foreseeable acts or ommissions of others in furtherance of a jointly undertaking or criminal activity."

In this regard, it became the duty of the defense to collaterally attack any proposition suggesting evidence in support of "corraboration" or "conspiratory activity" where the prosecution fails to establish such evidence in Discovery. See Engle vs Issaac, 456, U.S. 107, 135, S.Ct., 1558.

Petitioner further avers that counsel for his defense was deficient in performance in that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. See Demjanjuk vs Petrovsky, 10, F. 3d 388 (6th Cir). In the case where counsel fails to introduce certain facts and evidence, or fails to object to obvious misrepresentations, or where the attorney fails to represent loyalty, obviously does not demand that he act dishonestly or fraudulently, the petitioner should demand integrity and honest dealings with both the court and the attorney representing him. Any standard below honest representation shall be deemed as perpetrating fraud upon the court.

When counsel ignores defendant's right to review and inspect all aspects of discovery, or when counsel fails to ascertain all aspects of discovery yet proceeds ahead regardless, petitioner is compromised and hearing is usually always prejudiced. See Brady vs Maryland, 373 U.S. 83, 87. There exists a duty for counsel to "make the adversarial testing process work in the particular case." See Kimmelman vs Morrison, 477 U.S. 365, 384. "Because that testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and discovery for purposes of defense strategies." Quoting Strickland 466 U.S. 691.

The Supreme Court has observed that "strategic choices made after through investigation of law and facts relevant to plausible options are virtually unchallengable. See Strickland at 690. The court added however, that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgement supporting the limitations on investigation." See Strickland at 690-691.

The court also pointed out in Crisp vs Duckworth, that "although there may be unusual cases when an attorney can make a rational decision that investigation is unnecessary, as a general rule an attorney must investigate a case in order to provide minimally competent representation." See Crisp vs Duckworth 743 F2nd 580, 583 (7th Cir 1994). In the case of Defendant, his counsel failed to conduct a reasonable pretrial investigation and total neglect for the facts available thus rendering defense material as outside of "reasonable professional judgement; and rather, an abandonment of his duty to his client to faithfully protect his client's interest. See Montgomery vs Peterson, 846, F2nd 407, 413 (7th Cir). See also; Sanders vs Ratelle, 21 F.3rd 1446, 1456.

## NEW RULE OF CONSTITUTIONAL LAW HEREIN

**Missouri vs Frye, Certiorari, B1-67235, 2012,** To Wit:

Precedence by and through the authority of the Supreme
Court of the United States shall hereby affect certain
conditions of law, or more aptly, as "Constitutional
Law" to which new and revised application of Standards
and Practices of Counsel for the defense are more clearly
and more specifically defined within the context of the
"two-prong" conditional, including the conditionals set
forth under the landmark case; Strickland vs Washington,
and further enumerated through the extrapolation of the
opinion addressed under Hill vs Lockhart and Padilla vs
Kentucky, in which Counsel for the defense misinformed
on the potential outcome of Plea vs Trial, and further,
failed to thoroughly explain options or relevant and
reasonable conditions of each option, all with a result of
an unanticipated sentence.  That such authority involving
a more comprehensive evaluation of Counsel's effectiveness
or lack thereof, shall merit remand and sentence revision.

II.   COUNSEL FOR THE DEFENSE PROVED DEFICIENT
IN HIS PERFORMANCE AS AN EFFECTIVE LEGAL
REPRESENTATIVE, TO WHICH, COUNSEL FAILED
TO NEGOTIATE OR PRESENT A REASONABLE PLEA
FOR CONSIDERATION, BUT RATHER, PRESENTED
AND ADVISED THROUGH UNREALISTIC SENTENCING
OUTCOMES, ALL IN VIOLATION OF DEFENDANT'S
CONSTITUTIONAL RIGHTS, AS PRESCRIBED UNDER
RULE 11, AND AS ANALYZED IN MISSOURI VS FRYE.

Randy R. Jefferson, Petitioner, ("Defendant"),
was deprived his opportunity to fully comprehend and act in good faith toward
the execution of a reasonable Plea Agreement, all in light of Counsel for the
defense failing to meet professional standards and practices, in addition to
misrepresenting the potentiality of the sentencing outcome, thus resulting in
a violation to the Defendant's constitutional rights.  That Defendant was
deprived certain rights under Rule 11, to which, his counsel gave him no formal
indication that the prosecution could or would move to enhance his plea option
into a "leadership" conspiratory role, or that there existed the potential for
a sentence under §851 that would place his guideline range beyond that of the
original and determined weight of the controlled substance under 2D1.1(c)(3).

There shall exist certain remedies, including a mandate for sentence
correction, vacate, or to be set aside by this Honorable Court upon such grounds
that the Plea Agreement was entered into without the full knowledge, comprehension,
and understanding of the Defendant at the advisement of counsel for the defense.
Where such execution falls outside of the Rule 11 parameters, and where there may
exist blatant and direct misrepresentations of the potentiality of the sentencing
outcome, New Constitutional Law under the authority of the United States Supreme
Court now stands as Certiorari for remand, all as prescribed and set forth under;
Missouri vs Frye, 131, S.Ct., 856.

In addition to such misrepresentation in moving toward execution of the Plea
Agreement, other factors applicable to relevant conduct and predicate offenses
were additionally neglected by counsel in preparing Defendant for Plea execution
thus resulting in unwarranted and unfounded 1B1.3 factors, as well as the application
of predicate determinents contributing to an unsubstantiated foundation for
"career" status.  Such precedence enumerated under Missouri vs Frye therein shall
cite additional elements of Plea misrepresentation which subsequently resulted
in constitutional violations pertaining to due process.  See Lafler vs Cooper,
131, S.Ct., 846, and also, See Padilla vs Kentucky, BL-70791 in Cert.

In the instant case, the appeal process, as determined under Missouri vs Frye, must evaluate the representation of Counsel for the defense to determine that all conditions of Rule 11 have been satisfied, or if a defendant moved toward the execution of the plea after having evaluated all such options, including an option of "jury trial" before a panel of his peers.  In the instant case, at no time did Counsel for the defense direct Defendant to consider or evaluate the option of jury trial despite repeated requests by Defendant for consideration of such an option.

In those cases where counsel for the defense fails to properly advise or guide the defendant through the potentialities of a Plea vs Trial option, such failing shall qualify under the conditions set forth within Lafler vs Cooper as misdavisement and misrepresentation, and shall stand as "ripe" for remand or vacate.  Most circuits immediately apply such terms and conditions as applicable for retroactivity where there may result a substantially higher sentence, such as the sentence named herein.  See; United States vs Michael Perez, 12-12240 in Cert. Also see; Rivas-Lopaz vs United States, App. Lex., 7845.

Retroactivity in cases where such constitutional rights appear to violated, or where upon a sentencing foundation is based upon 'elements' that extend beyond that of quantifiable 'evidence,' the court holds a duty to adjudicate for remand and resentence upon determination of tainted parameters or unsupported enhancements. See, Titlo vs Burt, 10-2488, (2012), in Cert.  That such precedence shall stand in supra under the application of "New Rule" rather than utilization of the "Old Rule" precedence.  In the instant case, the Defendant would have opted for a revised or renegotiated Plea option, or moved toward a jury trial based upon the prospect that the prosecution would introduce certain unsubstantiated and unsupported elements that were not introduced into Discovery.

In further evaluation of Supreme Court precedence which addresses judicial tradition and sentencing parameters in cases that rely upon the 'elements' of the crime then apply such 'elements' toward determining a proper and reasonable sentence, there shall exist a responsibility on the court to incorporate an applicable guideline range that falls consistent with the 'evidence' and the 'criminal history category' of "qualified" predicate offenses.  See; Koon vs United States, 518, U.S. 81 and 98, "[I]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment that may ensue."

In keeping with precedence set under the guise of Missouri vs Frye, Defendant within the instant case did not voluntarily or knowingly accept a plea that could have possibly placed him into range beyond that of 168 months. That devoid of such influence, Defendant would have taken a different and distinct approach to execution of a Plea Agreement having the advisement of counsel to rely upon in knowingly, willfully, and voluntarily accepting the Plea as presented to him. Such misrepresentation shall stand as a violation of Rule 11 proceedings.  See Johnson vs United States, 132, F3rd, 628.

In the instant case, the plea execution was "not free from coercion" in that the Defendant was guaranteed a certain term in exchange for immediate signature. It must be established by the court that all such "elements" of the offense (including the determination of an additional enhancement or guideline increase) be disclosed to the Defendant in making an informed decision.  See United States vs Blackwell, 172 F3rd, 129 et. seq.  Such misinformation discovered "after" signature and execution of plea shall qualify the instrument as an "involuntary plea."  See United States vs Toothman, 137, F3rd, 1393.

With consideration for a "factual and substantiated plea agreement," the Defendant would have qualified under a guideline range that was anticipated as possibly 168 month for statments and promises by and through counsel, and certain misleading and misrepresented statements surrounding Discovery and evidence. See USSG § 2d1.1(C).

It is with these very conditions that the Supreme Court in Certiorari moved to address such abuses and violations regarding a defendant's constitutional rights under the negotiation and acceptance of the Plea Agreement.  In holdings such as Pitt vs Anderson, 122, F3rd, 275, 279 for the 5th Circuit, that "but for counsel's error or miscommunication, the outcome of the proceedings would have been different."

Should Defendant in the instant case address his appeal toward that of a "[f]ailure to raise sentencing issues and discuss options and outcomes, thus denying Defendant of effective assistance,"  precedence then exists that an obvious unfairness may be present.  See Carter vs Bell, 218 F3rd, 581 and United States vs Mannine 121 F3rd.

Finally, when evaluating cases to which there exists a "difference between the information provided by counsel concerning sentencing outcomes and the actual range that the Defendant may face," such differences establish prejudice.  Counsel in the instant case made promises that a sentence would have a different term of incarceration. See Mask vs McGinnis, 233, F3rd, 132, 141, 142.

Constitutional rights are violated when defendant relies upon counsel's promises of the resulting outcome. In the instant case, Defendant suffered as his counsel's performance proved to be constitutionally deficient resulting in prejudice based upon a failure to evaluate the exculpatory evidence under discovery, and determine the potential of an accurate guideline range equivalent and commensurate to that of a 168 month sentence as assured by and through Counsel for the Defendant. As such, Defendant relied upon Counsel's guidance and advisement under false and misleading pretenses, all as consistent with prejudicial influence as described in Missouri vs Fry.

In the instant case, Counsel for the defense proceeded to urge Defendant to execute a Plea Agreement that he did not comprehend, and Counsel did so through false "assurances" and "promises" pertaining the a guarantee of the proposed outcome of the sentence. Counsel insisted that such a Plea would not, and could not result in an imposed sentence above the projected minimum despite any possibility of enhancements. Such misrepresentation resulted in cause and prejudice of proceedings, and a failing of Defendant's Due Process resulting in a material miscarriage of justice. Defendant anticipated a guideline range and proposed term of incarceration equal to 168 months, but received a sentence far in excess of what Counsel had promised would result.

In accordance with both Missouri vs Frye and Lafler vs Cooper, it is certain that the Defendant would not have complied with the process that he chose having had all of the facts of the Plea as provided by and through Counsel. Such misrepresentation is a blatant and obvious violation of the Defendant's constitutional rights, specifically his Sixth Amendment rights as prescribed under Blakely vs Washington, 542, U.S. 961 to which the Defendant's sentence "exceeded" the standard and anticipated range of the sentencing guideline all as a result of unexpected and unwarranted enhancements. These same proceedings would fail the tests under precedence in Apprendi vs New Jersey, as well as, precedence in Booker, Gall, Fanfan, Kimbrough, and others. The Supreme Court has recognized that a person accused of a crime "requires the guiding hand of counsel at every stop of the proceedings against him." See Powell vs Alabama, 287, U.S. 45, 69, 53, S.Ct. 55, 64, L.Ed. 158.

In terms of the instant case, Defendant received a sentence that was "excessively longer" than counsel or any other officer of the court may have indicated. It is in the authority of cases such as Glover vs United States, 531, U.S. 198, 121, S.Ct. 696 L.Ed. 2nd 604 that such "excesive and unanticipated jail time has a Sixth Amendment significance."

Other cases shall apply to the misrepresentation and breach of standards portrayed within the instant case.  In retroactive application of the authority under Padilla vs Kentucky which is cited as part of the argument in support of Marroquin vs United States, 2011 U.S. Dist Lexis 11406 for the 5th Circuit, and with application of Certiorari in Teague vs Lane 489, U.S. 288, where the application of "an old rule" may be extended and brought back for collateral review.

Therefore, as in the instant case, the Defendant suffered from a prejudice of the proceedings which he could not have known at the time of the signature of his Plea Agreement; "it shall be construed as 'new' when it can not be dictated by precedent existing at the time the defendant's conviction became final." In the case of the Defendant, such Sixth Amendment rights shall apply at all "critical stages of the proceeding." See Montejo vs Lousianna, 556 U. S. 778.

There shall exist certain inalienable rights of the Defendant based upon the duties of Counsel for his defense to perform according to reasonable standards. In review of the Padilla case, it was determined that the duties of counsel in advising a client with respect to the plea offer must concur with what is understood to be the final or anticipated outcome, even when such plea negotiations suggest a range.  At no time was the client aware of any possibility that such an extreme and unanticipated range be presented as a possibility, not by the prosecutor or through determinants of criminal history.  As such, plea negotiations were neglected or non-existent as a result of counsel for the defense failing to meet standards and practices prescribed in Defendant's right of due process.

NEW RULE OF CONSTITUTIONAL LAW

ALLEYNE VS THE UNITED STATES OF AMERICA, 11-9335, (2013)

Precedence by and through the authority of the United States
Supreme Court shall hereby affect certain conditions of law,
or more aptly, as Constitutional Law to which there shall now
exist an obligation upon the sentencing courts to evaluate the
'elements' of the crime against the 'evidence' presented in
support of that criminal act prior to determining a proper and
appropriate sentence that may fall above the mandatory minimum
set forth through the Sentencing Commission under the authority
of the United States Congress.  That such consideration for
established foundation shall lend greater credence to sentence
benchmarks without placing unfounded weight to relevant conduct
or other introductions that might otherwise prejudice the proceedings.
That such authority shall determine a more restrictive platform
in determining sentencing guideline ranges and sentence terms.

III.   COUNSEL FOR THE DEFENSE PROVED DEFICIENT
       IN HIS PERFORMANCE UPON PROPER AND UPON
       APPROPRIATE CHALLENGE TO THE SENTENCING
       OUTCOME WHEN COMPARING THE SENTENCE AS
       BASED UPON THE 'ELEMENTS' OF THE CRIME
       RATHER THAN THAT WHICH WAS BASED UPON
       THE 'EVIDENCE' OF THE CRIME, THEREIN,
       VIOLATING DEFENDANT'S CONSTITUTIONAL
       RIGHTS AS ANAYLZED UNDER ALLEYNE VS UNITED STATES.

Under precedence set forth in Certiorari, there shall exist a foundational
argument for remand whereupon a sentence is based upon the 'elements' surrounding
a crime or the circumstances or persona that may accompany a defendant outside of
the specific acts associated with the crime and indictment.  Where such 'elements'
influence or sway an opinion in determining a final sentencing outcome, such as
that of the instant case, or where no such 'evidence' was entered into discovery to
support certain enhancements that moved the guideline range beyond that which would
be supported quantifiably by and through the evidence, that such influence shall
qualify as prejudicing the outcome and result in sentence vacate, correction, or
remand and set aside, in accordance with, and pursuant to, the authority of the
United States Supreme Court in Certiorari as; Alleyne vs United States, No. 11-9335.

In review of Defendant's Constitutional Rights, including Defendant's Fourth,
Fifth, Sixth, and Fourteenth Amendment Rights, a sentence imposed against the
'elements,' shall preclude Defendant of Due Process application and a right to
the judicial process, as set forth under the Federal Rules of Criminal Procedure.
Within the instant case, sentencing was determined by and through certain 'elements'
that were introduced outside of "discovery."  The application of an unfounded and
unsubstantiated weight and quantity resulted in a guideline range that could not
be supported by 'evidence' introduced as exhibit.  In addition, there existed a
reliance upon the "proposed" supposition that the Defendant played a "leadership"
role yet no such 'evidence' existed to support a transactionary hierarchy.

With consideration for predicate offenses determined to move Defendant to that
of "career criminal" status and §851 sentencing, such offenses named failed to fully
qualify under the required conditional of "Intent to Distribute."   At the advisement
of Counsel for the defense, Defendant proceeded to move toward a Plea Agreement that
would be based upon the 'evidence' in Discovery, with no indication that there
would exist a possibility of "career" status supported by such predicates.  In fact,
Defendant was directed to move toward execution of signature specifically because
such cases failed to meet the minimum requirements of 1) Intent to distribute, or
2) involving a sentence of at least One (1) year and One (1) day.

Counsel failed to make a reasonable investigation or sequester certain witnesses, or subpoena certain evidentiary documentation as in this case, then counsel would have prejudiced the outcome of the proceedings as stated. See Brit vs Montgomery, 709, F2nd 690, 701 (7th Cir.) Essential to the investigative process is the prepare against all aspects of the discovery, which counsel failed to do. See Goodwin vs Balkcom, 684, F2nd 794, 805, (11th Cir). "It is the duty of the attorney to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction...the duty to investigate exists regardless of the accused's admission or statements to the attorney of facts constituting guilt or the accused's stated desire to plead or go to trial." In this case, the court has found that counsel is ineffective "where he neither conducted a reasonable investigation of facts nor made a showing of strategic reasons for failing to do so. See Hendricks vs Vasquez, 974, F2nd 1099, 1109.

Courts have repeatedly stressed the importance of adequate investigation of potential defenses. See United States vs Tucker, 716, F2nd 576, 581. (9th Cir). Also See Rompilla vs Beard, 125, S.C. 2456, 2464-67 (2005). Without examining the readily available file they were seriously compromising their opportunity to repond to a case for aggravation. See Ainsworth vs Woodford, 280 F 3rd. 1247, 1257 (9th Cir). "[I]t is significant in considering the impact of the omitted evidence on the reliability of "the defendant's" sentence, that the evidence presented by the defense as mitigation consisted primarily of lay background and character evidence. The only expert testimony presented relating to the defendant's mental health did not shed light on his brain damage, but tended, rather, to paint him as a violent offender." See Ake vs Oklahoma 470 U.S. 68, 71 (1985). The courts confirmed after conducting a Fourteenth Amendment due process analysis and holding that without independent experts defendants could be denied "meaningful access to justice." Id. at 76-77. See also; Cowley vs Stricklin, 929 F2nd 640 (11th Cir. 1991). Also See; Kordenbrock vs Scroggy, 919 F2nd 1091 (6th Cir 1990). See also; Smith vs McCormick, 914 F2nd 1153 (9th Cir.) Finally, many courts have determined that the rule of Ake should be applied where the legal expert or expert testimony may clarify, or distinguish between experts. See Moore vs Kemp 809, F2nd 702, 711, 712 (1987).

With consideration for those determinents set forth under Alleyne, it is important that the court evaluate the position of the prosecution (Government) in seeking a reasonable and appropriate sentence to fit the 'evidence' of the crime.  In furtherance of an appropriate sentence, the prosecution stated; "the [sentence] should fairly encapsulate the seriousness of [the defendant's] criminal history, the quantity, and [such sentence] should serve as a deterrant to the public." (App. p. 21).

Even after a prosecutorial proposal was introduced under §851 sentencing, there would still not exist a reasonable foundation for the court to sentence the Defendant at an unanticipated, 294 months.  Such sentencing would simply qualify as "abuse of discretion," and violate the precedence set forth under Alleyne which was not available to Defendant at his date of sentencing.

Quantities of controlled substance fell between 500 grams and 1.5 kilograms according to allegations brought forth through unsupported testimony.  In that regard, logic would suggest that, even at a "career offender" status, there would exist a reasonable sentencing platform that likely would qualify, at a minimum, in the middle of the guideline range.  For the court to move beyond recommended 4B1.1 factors, and further, to neglect all U.S.S.G. §3553(a) factors, when the Defendant's Criminal History Category of IV would still place him at an anticipated 168 month sentence, the very determinents set forth under Alleyne should be applied.

In cases where the sentence is substantively unreasonable or inconsistant with the 'evidence' presented under Discovery, or where the District Court selects a sentence arbitrarily, or where it bases a sentence on impermissible factors, there now must be a reliance upon the quantifiable actions that support a guideline range, and no such 'element' may influence that guideline range as a condition for moving up or down the chart.  The exception shall fall within 3553(a) factors when evaluating contributions and standing of the Defendant and his personal life. See United States vs Husein, 478, F3rd., 318, also see; United States vs Kirchof, 505, F3rd, 409, 413.

At no time would the Defendant have anticipated the potential of a guideline sentence beyond that of 168 months based upon the advisement and guidance of counsel for the defense.  The very decision of the lower court to move toward a "career offender" status, and to position a sentence in excess of the maximum advisory guideline range, even at 240 months would violate those parameters set forth under Alleyne as a sentence that exceeds the necessary and recommended imposition which factors in "prior criminal activity and record," "dangerousness of the parameters of the crime," and "the need to protect the public," all as having been satisfied even at 168 months according to the conditions of this particular case and the 'evidence' named in Discovery therein.

IV.   COUNSEL FOR THE DEFENSE PROVED DEFICIENT
      IN HIS PERFORMANCE TO EXERCISE REMEDIES
      AVAILABLE UNDER THE "CONFRONTATION CLAUSE"
      THROUGH INTRODUCTION OF DEFENSE WITNESSES,
      IMPEACHMENT OF PROSECUTORIAL WITNESS STATEMENTS
      AND TESTIMONY, SUPPRESSION OF HEARSAY, ALL AS
      FOREGONE OPPORTUNITIES WHICH RESULTED IN A
      BREACH OF CONSTITUTIONAL RIGHTS, AND AS
      ANALYZED IN CERTIORARI UNDER BULLCOMING VS NEW MEXICO.

A defendant shall be deprived of his Constitutional Rights under those
conditions where such rights protect him from false or misleading statements,
or from testimony which may stand as "tainted" or "motivated" through threat
or promise in exchange.  Under those constitutional violations, the defendant
shall maintain the right to retrial, remand, or resentence.  Under the advisement
of counsel for the defense, certain remedies exist to assure the sanctity of
the adjudication process through the disqualification of unfounded, unsubstantiated,
or unsupported statements made against the defendant.  See Bullcoming vs New
Mexico, 562, U.S. Sept 2011.

Such remedies also protect the defendant from accusations brought forward
under the auspices of "hearsay."  In that regard, a defendant may move to appeal
such statements or "strike from the record" such statements where "hearsay"
is unsupported by evidentiary documentation or proof.  A defendant may then
challenge the prosecutorial determinants supporting said allegations, and he
maintains a constitutional right to "confront" his accusor in court or on the
record.  Bullcoming vs New Mexico prevailed in discrediting his accusors, and
in impeaching such testimony as unfounded.

When there exists no reasonable or exculpatory evidence to support a guideline
range, there shall exist an inalienable right of the Defendant to evaluate such
statements under Discovery, and to further test the credibility based upon certain
conditions set forth under the "Confrontation Clause."  In addition, there are
conditions that may be levied when addressing testimony introduced through a
third party accusor.  Such challenges are clearly defined under the Rule Against
Hearsay.

In the instant case, questions may have been raised by Counsel for the
defense surrounding witness credibility.  Yet, no such challenge transpired, and
as a result, the Defendant suffered from a missed opportunity to impeach his
accusors.  Under the "Present Sense Impression" qualifier, there exist certain
parameters for evaluating testimony, including; 1) Where any statements presented

may be shown to be false, unsubstantiated, unfounded, erroneous, or unprovable, 2) that such statements may have transpired within the "excitement of the moment," or as an utterance of passion resulting from fear, desperation, or trauma, all as a result of mitigating circumstances such as facing potential arrest or bodily harm, 3) any emotional or psychological disorders associated with the accusor, and finally, 4) as a condition of coercion or pursuasian resuting from a pre-arranged or discussed arrangment toward the reward or exchange for lieniency on a pending or potential conviction levied against the accusor.

In the instant case, condition "4" was substantiated and confirmed prior to incriminating testimony that such leiniency and prosecutorial relief in the form of a reduced sentence had been discussed and arranged prior to the exchanged promise of such reduction for the accusor.  As such, there existed an opportunity for Counsel for the defense to exercise the "Confrontation Clause" with application of the "Present Sense Impression" factor, yet no such challenge was levied, and as a result, there existed lost opportunity to impeach the witness, or from a global perspective, to evaluate this leverage as a catalyst toward choosing the option of jury trial rather than plea.

It shall then stand, according to Bullcoming vs New Mexico, that any viable opportunity to introduce evidentiary documentation or key testimony to a jury of peers, with the intent to generate "reasonable doubt," must fall within the scope of "reasonable" representation by counsel, or where such evidentiary documentation or key testimony exists, and counsel for the defense neglects to consider the significance of such introduction thus opting to move toward plea rather than jury trial, a significant breach occurs under the auspices of "lost opportunity," and the defendant is therefore violated of his Constitutional Rights, as well as his Right to Due Process of Law. See; Cuyler vs Sullivan, 466, U.S. 100 S.Ct., 1708, 64 L.Ed. 2nd 333. "It shall be determined that, under the guise of ineffective assistance of counsel, '....a guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonable competent advice,' or the missed opportunity to accept such a plea, or choose to move to jury trial,'""To move to jury trial over plea may then be of the highest importance."

### V. COUNSEL FOR THE DEFENSE PROVED DEFICIENT IN FAILING TO CHALLENGE THE VALIDITY AND THE NON-APPLICABLITY OF THOSE PREDICATE OFFENSES EXPRESSLY APPLIED TO MOVE GUIDELINE RANGE INTO "CAREER" STATUS WHEN SUCH PREDICATES FAILED TO MEET THE DEFINITION AND STATUE, ALL AS ANALYZED UNDER BEGAY VS UNITED STATES.

Within the instant case, there existed multiple opportunities for Counsel for the defense to move toward challenge in preserving certain enhancements that were introduced in the establishment of achieving "career offender" status. In particular, those predicate offenses introduced must affirm an act of egregious violence as prescibed by and through the statutory definition, or that such criminal case history provide for foundational evidence to affirm that the Defendant, "knowingly intended to distribute a controlled substance with acts that qualified beyond that of simple possession."

In review of all 4b1.1 factors and application of all such 2D1.1 factors, the establishment for grounds in justification of an applied §851 enhancement must identify a criminal history involving a felony prosecution which mandated a minimum of a year and a day (in excess of one year), and must include evidence that provides for substantiation of transactionary process, including, audio or video surveillance, direct transaction and exchange with undercover law enforcement or confidential informant in witness of law enforcement, or the recovery of marked currency placed into the hands of the accused following said transaction, or the seizure of said narcotics or imitation narcotics placed into the hands of the accused in conjunction with said transaction. That any other non-substantiated activity, such as that of tainted or unsupported testimony by an informant where no law enforcement witness exists, or the presumption of transaction without validation or proof of such exchange, or an acceptance of a "plea" that identifies the word "distribution" without supporting evidence, then no such predicate shall qualify as applicable toward §851 standing. See; Begay vs United States, 170, F3rd, Led 2nd, 490, 553 U.S. 128 S.Ct.

Predicate offenses have existed in establishing an appropriate "criminal history category" that shall determine variations within the intended definition of the guideline tables, with each felony conviction weighted to determine a reasonable deterence in sentencing repeat offenders, however, the Congressional intent in determining "career offender" status includes a very specific set of parameters that must be applied to each predicate offense in weighing its specific applicability. Both, the violence parameter, and the distribution parameter must be established through viable evidence in support thereof.

In the instant case, and in accordance with Begay vs United States, there exists an opportunity to evaluate each predicate offense named as a conditional toward the establishment of §851 status.  The Defendant qualified as a Criminal History Category VI however, it would stand that Counsel for the defense had a duty to evaluate each predicate against the "career offender" definitions and requirements.  Such failing to challenge or preserve certain objections to the application of the Defendant's history as career predicates, shall stand as a clear violation of Defendant's Constitutional Rights and his right to Due Process of the Law.

In evaluating each of the applicable cases, one may consider the November 4, 1995 case (15 year old case), to which, Defendant pleaded guilty to possession-related charge despite the language on the conviction as "Delivery of a controlled substance," where no such delivery was identified or logged as evidence, and where no such quantity existed beyond a minute amount of narcotics which remained in the "possession" of the Defendant at the time of the arrest.  That such acceptance of a plea without concern for langauage or future applicability, shall stand, in accordance with Begay, and Descamps, and as determined under the authority of the United States Supreme Court, as a non-qualifier in establishing "career" status.  Thus, Counsel for the Defendant had a duty to disqualify and suppress the applicability of the State of Illinois Criminal Case in Cook County, Case 91-C-55043201, as a "possession-only" predicate because no evidence supported the act of distribution or transaction.

In evaluating the Defendant's August 28, 1998 case, (10 year old case), upon which Defendant pleaded guilty to another "possession-specific" standing, which, again cited the language; "Possession with intent to distribute a controlled substance,' and again, was freely executed by the Defendant without comprehension for such applicability on a future criminal sentence.  As prescribed under the authority of the United States Supreme Court, such acceptance of a previous plea for the purpose of expediting the legal process and receiving a minimul sentence, it shall not stand as a condition on which to impose "career" status against a federal defendant when that defendant could not have foreseen such effect or impact on a future conviction and sentence.  Again, under State of Illinois, County of Cook criminal case number, 98-CR-12661102, there existed no evidence to establish a criminal act involving that of distribution or transaction, or any act beyond that of simple possession.

It shall then stand, in accordance with Begay vs United States, and Descamps BL-9335 in Certiorari, and in citing; Kirkland vs United States, 11-2907 where Certiorari clearly stands that; predicates must fall within the purview of the accused with understanding as to its applicability toward a future sentencing determinent.  Failure to challenge shall qualify as "ineffective assistance."

To wit: "[T]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 USC § 2255." United States vs Birges, 723, F.2d 666, 670 (9th Cir) cert. Denied, 466 U.S. 943, 104, S. Ct. 1926, 80 L. Ed. Appellate courts prefer defendants to raise such claims in a habeas proceeding because it permits the district court judge first, to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted. See United States vs Pope, 841, F. 2d. 954, 958 (9th Cir).

Since requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct attack. As a result, prisoners seeking habeas relief pursuant to §2255 are to show both a violation of their constitutional rights and substantial prjudice or a fundamental miscarriage of justice. The Supreme Court has recognized the rule of procedural default. To wit: "The prisoner cannot assert claims they failed to raise at trial, or on direct appeal, unless they can show cause for the default and prejudice rising from it." See Wainwright vs Sykes, 433 U.S. 72,87,97, S. Ct. 2497, 2506,53 L. Ed 2d 594 (1977). See also; Reed vs Farley, 512 U.S. 339 114, S. Ct. 2291, 2300, 129 L. Ed 2d 277 (1994). "The general rule is that the writ of habeas corpus will not be allowed to do service for an appeal, where the petitioner, whether a state or federal prisoner failed properly to raise a claim on direct review, the writ is available only if the prisoner established cause for the waiver and shows 'actual' prejudice from the alleged violations."

However, the traditional procedural default does not apply to ineffectiveness assistance of counsel claims where such claims depend on matters outside the scope of the record as in the instant before this court. See Billy-Eko vs United States, 8 F. 3d 111, 114 2nd Cir 1993. See also; Engle vs isaac, 456 U.S. 107, 135,102, S. Ct. 1558, 1575, 1576,L. Ed 2d 783.

The Supreme Court said that since the concepts of cause and prejudice are not rigid, but "take their meaning from...principles of comity and finality...in appropriate cases those principle must yield to the imperative of correcting a fundamentally unjust incaceration...[W]e are confident that

## SENTENCE IMPOSED WAS SUBSTANTIVELY UNREASONABLE

"District courts are charged with imposing 'a sentence sufficient, but not greater than necessary' to fulfill the purposes of sentencing in 18 U.S.C. § 3553(a)(2)." United States vs Ford, 344 Fed. Appx. 167, 168 (6th Cir.2009). (internal citation omitted). Sentences are reviewed for substantive as well as procedural reasonableness. United States vs. Williams, 431 Fed Appx. 404, 411 (6th Cir. 2011). In reviewing sentences for substantive reasonableness, "due deference" is given to the district court's determination. United States vs - Petrus, 588 F.3rd 347 (6th Cir. 2009). Sentences, whether inside or outside the Guidelines range, are reviewed for abuse of discretion. United States vs Ruiz, 403 FEd. Appx. 48, 50 (6th Cir. 2010).

A sentence is substantively unreasonable of the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent §3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." United States vs Kirchhof, 505 F.3rd 409, 413 (6th Cir 2007) (quoting United States vs Husein, 478 F.3rd 318, 332 (6th Cir. 2007)).

A sentence within the guideline range is accorded a presumption of reasonableness. United States vs Bass, 320 Fed. Appx. 350, 366, citing United States vs Williams, 436, F3rd 706, 708. An upward variance from the guideline range is not a conditional factor as prescribed. See United Sttes vs Herrera-Zuniga, 571, F3rd, 568, 582. When reviewing the sentence, the court "will, of course, take into account the totality of the circumstances, including the extent of any variance from the guideline range." See Gall vs United States, 552, U.S. 38.

While the standard of review does not change based upon whether a sentence is "inside, just outside, or significantly outside the guideline range," the greater the variance, the more compelling the evidence must be. Gall vs United States, 552. It is "uncontoversial that a major departure should be supported by a more significant justification than a minor one." United States vs Grossman, 513, F3rd, 592, 596. "If the sentencing judge elects 'an outside-guideline sentence...he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." See United States vs Tristan-Madrigal, 601 F3rd, 629, 633. Although the guidelines are advisory, they continue to provide important guidance for District Courts. See: United States vs Herrera-Zuniga, 571 F3rd at 585, citing United States vs Kimbrough, 552 U.S. 85, 2007.

QUESTIONS FOR CONSIDERATION

     In performance of standards of professional conduct and with consideration for ineffective assistance of counsel when such performance prove to be substandard or where such standards are compared to the Two Prong conditions set forth under Strickland vs Washington; First, the Defendant must show that counsel's representation fell below an objective standard of reasonableness, and Second, Defendant must show that there is a reasonable probability that but for the counsel's unprofessional errors and deficiencies, the result of the proceeding would have been different  Strickland vs Washington, 466 U.S. at 668 may be clearly applied in this case.  The two prongs of the Strickland test commonly referred to as the performance prong and the prejudice prong. Fields vs Attorney General of Maryland, 955 F2nd 1920 (4th cir 1992). Unless the defendant carries the burden of persuasion with reguard to the prejudice prong, a reviewing court need not review the performance prong. Fields at 1290, 1297.

     In this case, a reasonable probability is a probability sufficient to undermine confidence in the outcome.  When the record is reviewed in total, there is certainly a reasonable probability that the result of the proceeding would have been different.  That reasonable probability is created based upon counsel's failure to properly guide and advise his client through the Plea and Hearing process. The prejudice prong of Strickland is therefore satisfied in this case.

     Having established the reasonable probability that the outcome would have been different, but for the failings of the Defendant's counsel, this court should review the performance prong of Strickland for application.   There is a strong presumption that counsel was within the wide range of reasonable professional assistance.  Matthews vs Evatt, 105 F3rd 907 (4th Cir).  That presumption is easily overcome in this case.  The Defendant's counsel failed to properly advise and guide his client with regard to acceptance or denial of a Plea Agreement and further failed to meet a standard of professional care in his representation before the bench.

     In this case, had counsel for the Defendant conducted a reasonable investigation of law and facts as relevant and verified, his strategic decisions stand as "virtually unchallengable."  In this particular case however, it cannot reasonably be deduced that counsel's effectiveness resulting from merely strategic error.  The error in this case shows counsel failed to properly inform and advise, as well as effectively strategize a sound and fundamental defense.

IN REQUEST TOWARD CERTIFICATE OF APPEALABILITY

CONCLUSION AND PRAYER FOR RELIEF

LET IT BE THE DETERMINATION OF THIS HONORABLE COURT THAT;

The sentence for the Defendant in the above-captioned matter be set aside, corrected, or vacated under Rule of Law in Motion for relief under appeal of habeas corpus as defined herein and set forth under Title 28 U.S.C. Section §2255 and as further defined through appropriate case law including conditions and analysis met under Strickland vs Washington and in citing conditional issues under McMann vs-Richardson and others, it should be adjudicated that as a condition of 28 U.S.C. §2255, a clear argument has been made in relevant part to show conclusively that the Defendant received ineffective assistance of counsel and was precluded from proper and appropriate representation before the court and as such received no such relief to which the court shall cause notice to be served upon the office of the United States Attorney in appeal for grant of prompt and immediate hearing or rehearing therein and further determine and revaluate such issues and make findings of fact and conclusions of law with respect thereto.

That the court adjudge, declare, and decree that determination be made that the counsel for the Defense has proven ineffective and below standard both professionally and constitutionally.

FORMAL VERIFICATION AND JURAT


WITH MY HAND AND SEAL.....


........ I HEREBY AFFIRM, ATTEST, AND AVER THAT;


I, Randy R. Jefferson, Petitioner,
hereby declare and decree under penalty of purjury, that the proceeding and
inclusive information as presented within the foregoing document, shall stand
as true and correct to the best of my knowledge and belief, and in witness
knowing the law of bearing false statements before my creator and fellow man,
I shall place this formal Motion before the bench with compos mentis, of sound
mind and of full faculty, and through the authority of umberrima fidae, with
proper and appropriate intention, and in accordance with and pursuant to the
jurisdictional significance vested under Title 28 U.S.C. as Section § 1746 of
unsworn declaration herein as judicial and under judiciary procedure all as
prescribed through Section(s) §§ 1731-1960 et. seq.,


ON THIS __19__ IN THE MONTH OF __Febu__ , THE YEAR 2014 anno domini


FURTHER AFFIANT SAYETH NAUGHT: x _Randy Jeff_____

RANDY R. JEFFERSON, PETITIONER
FEDERAL IDENTIFICATION 07380-025
UNITED STATES PENITENTIARY MARION
P.O. BOX 1000
MARION, ILLINOIS 62959


ENCLOSURE, et. seq.,

### CERTIFICATE OF SERVICE

**LET THIS HONORABLE COURT TAKE NOTICE THAT;**

I, Randy R. Jefferson, as named Petitioner, (Defendant), hereby affirm, attest, and aver that I have caused to be served through process of service, a true and complete copy of the foregoing original Motion and document, and have forwarded such to the named addressee below through the United States Postal Service via First Class Mail, and that such service has been verified in accordance with Federal Rules Procedure as timely through deposit and documentation with the prison's mail depository as dated under official filing.

**SERVICE FORWARDED TO:**

Daniel J. Graber
Assistant United States Attorney
Western District of Wisconsin
United States Attorney's Office
City Station
660 West Washington Avenue
Madison, Wisconsin 53703

DATE SUBMITTED: _Feb. 19-14_

RESPECTFULLY SUBMITTED BY:

x _Randy R. Jefferson_

Randy R. Jefferson, Petitioner (Defendant)